Edward C. GAGLIANO, Plaintiff,

v.

FORD MOTOR COMPANY, a corporation; and Gateway Transportation Co., Inc., a corporation, Defendants.

Civ. A. No. 79–2226.

United States District Court, D. Kansas.

Feb. 25, 1983.

DeWitt & Zeldin, Kansas City, Mo., Vic Bergman, Joel Goldman, Lynn R. Johnson, Mark Johnson, Schnider, Shamberg & May, Chtd., Shawnee Mission, Kan., for plaintiff.

Keith K. Couch, Harold E. Pierce, Couch, Strausbaugh & Pierce, Overland Park, Kan., for Gateway Transp. Co., Inc.

W. James Foland, Bradley J. Baumgart, Shughart, Thomson & Kilroy, Kansas City, Mo., Robert C. Miller, Kansas City, Kan., for Ford Motor Co.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of defendant Gateway Transportation Company for an order reducing the costs assessed against them in this action. This was a product liability action in which the jury returned a verdict finding plaintiff forty-one percent (41%) at fault, plaintiff's employer, a phantom party, fifty-one percent (51%) at fault, defendant Gateway Transportation Company eight percent (8%) at fault, and defendant Ford Motor Company to be without fault in the matter.

The court entered judgment accordingly and provided that the plaintiff, as prevailing party, should have his costs from the defendant Gateway Transportation Company. Plaintiff has filed a bill of costs in the amount of Two Thousand Four Hundred Forty-Two and 90/100 Dollars ($2,442.90). Defendant Gateway makes no objection to the amount of costs, but has argued to the court that the law of comparative negligence in Kansas requires them to pay costs in an amount equal only to the percentage of fault attributable to them, which would be eight percent (8%).

The court denies this request on alternative grounds. First, this is a matter of federal procedure, not state substantive law. *Steele v. International Harvester Co.,*

No. 77–4050 (D.Kan. 9/13/78), following *Beach v. M & N Modern Hydraulic Press Co., Inc.,* No. 75–92–C2 (D.Kan., *unpublished,* 8/23/78). There is no provision in the federal statutes for reducing costs by a percentage of fault.

■ Second, K.S.A. 60–258a provides only that the award of damages to a claimant shall be diminished in proportion to the amount of negligence attributed to him. It does not authorize nor require a similar reduction in court costs. Defendant candidly admits that there is no authority for the argument he presents, and the court finds that it would go far beyond the plain language of K.S.A. 60–258a to assess costs in an action in proportion to the percentages each party was found to be at fault.

■ Finally, while the court holds that defendant has no statutory right to have costs reduced by percentages of fault, the court does have great discretion in this area, and has the power to make such a reduction. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964) [district court properly reduced costs by ninety percent (90%)]. Upon reconsideration, however, the court finds no reason to disturb the original order finding defendant Gateway Transportation Company should be solely responsible for plaintiff's costs.

IT IS BY THE COURT THEREFORE ORDERED that defendant Gateway's motion to determine costs is hereby overruled.